# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DELORES HARRIS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | )  Case No. 06-1179-WEB |
| **CHRISTIAN A. WHITTINGTON, M.D.,** | ) ) ) |
| **Defendant.** | ) ) ) |

## MEMORANDUM AND ORDER

This medical malpractice lawsuit is before the court on various motions concerning plaintiff's medical and employment records and interviews with her treating physicians. Specifically, defendant moves for a protective order "directing plaintiff not to contact her treating physicians for the purpose of influencing their decisions to grant or deny defendant's request for ex parte interviews." (Doc. 11). Defendant also moves for an order permitting (1) disclosure and production of health records, (2) disclosure of employment records, and (3) ex parte interviews with treating physicians. (Doc. 13). The parties' arguments and the court's rulings are set forth below.

**1. Defendant's Motion for a Protective Order (Doc. 11)**

Plaintiff objected to defendant's efforts to interview her treating doctors ex parte and,

during a scheduling conference, indicated that she would write or otherwise contact her treating physicians and request that they not consent to being interviewed by defense counsel. Defendant moves for an order prohibiting such conduct, arguing that interference with lawful discovery should not be permitted. Plaintiff opposes the motion, asserting vague references to (1) the First Amendment, (2) the Code of Professional Responsibility, (3) fiduciary relationships, and (4) quid pro quo discovery. As explained below, plaintiff's arguments are not persuasive.

The right to conduct ex parte interviews of treating physicians who are merely fact witnesses is well settled in the District of Kansas.[1] See e.g., Colby v. Eli Lilly and Company, Case. No. 81-1542 (D. Kan. Dec. 15, 1982)(Judge Crow, unpublished)(ex parte interviews of treating physicians are permissible when plaintiff's medical condition is an issue in the case); Clark v. Homrighous, 136 F.R.D. 186 (D. Kan. 1991)(Judge Theis, affirming Magistrate Judge Reid); Bryant v. Hilst, 136 F.R.D. 487 (D. Kan. 1991)(Judge Saffels, affirming Magistrate Judge Newman); Evertson v. Dalkon Shield Claimants Trust, Case No. 82-12001, 1993 WL 245972 (D. Kan. June 2, 1993)(Judge Belot); and Roberson v. HCA Health Services of Kansas, Inc., Case No. 94-1227, (D. Kan. November 17, 1994)(Magistrate Judge Humphreys, unpublished).[2] Notwithstanding this well established rule in the District

---

[1] Plaintiff makes no proffer that her treating physicians are anything other than fact witnesses concerning her ongoing medical care and treatment.

[2] Similar to other fact witnesses, treating physicians may decide for themselves whether they will consent to informal interviews by counsel *for either party.*

-2-

of Kansas, plaintiff argues that an order prohibiting her from interfering with defendant's discovery efforts violates her First Amendment rights.  Plaintiff's conclusory constitutional argument is rejected because she fails to support her novel theory with any analysis or citation to legal authority.  See, e.g., Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992)(a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point).

Plaintiff's "quid pro quo" argument is difficult to discern.  At best it appears that plaintiff argues that she should be permitted to contact factual witnesses "related to the defense side of the case."  (Doc. 20, p. 2).  However, defendant concedes that plaintiff can directly contact fact witnesses for interviews with the exception of Dr. Whittington, the named defendant who is represented by counsel.  (Doc. 21, p. 2).  Under the circumstances, the court rejects plaintiff's "quid pro quo" argument.[3]

Because plaintiff's purported justifications for interfering with and/or obstructing defendant's lawful discovery efforts are without legal foundation or support, defendant's motion shall be GRANTED.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order

---

[3] Plaintiff's arguments concerning the "Code of Professional Responsibility" and fiduciary relationships lack any legal merit whatsoever and are rejected without further comment.

**(Doc. 11)** is **GRANTED.**[4]  Plaintiff and her counsel shall not contact or in any other manner communicate with her treating physicians in an effort to influence the doctors' decision whether to grant or deny defendant's request for ex parte interviews.[5]

## 2. Defendant's Motion for Discovery Orders (Doc. 13)

### A. Employment Records

Defendant moves for an order authorizing "all employers, past and present" to disclose plaintiff's employment records.  Defendant cites no authority for such an order and, absent an agreement by plaintiff to the order, the motion shall be DENIED.[6]

### B. Medical Records and Ex Parte Interviews

Plaintiff argues that the enactment of HIPAA and the corresponding regulations change this district's long-established rule permitting ex parte interviews with treating physicians.  As explained in greater detail below, the court concludes that such interviews

---

[4] This ruling is limited to the arguments and limited facts presented by the parties. No arguments or facts have been suggested by plaintiff that her medical records contain irrelevant and embarrassing medical observations that would warrant the entry of a protective order in her favor.

[5] This ruling does not prohibit plaintiff from discussing her medical care or this case with her treating physicians.

[6] The court has approved *agreed* orders for the disclosure of employment records; however, in this case there is no agreement.  Absent such an agreement there is no basis for issuing such an order and defendant must utilize the discovery procedures set forth in the federal rules of civil procedure to compel the information.

are not prohibited, provided defendant complies with HIPAA's procedural requirements for securing medical information from health care providers. See McCloud v. Board of Directors of Geary Community Hospital, Case No. 06-1002-MLB, Doc.41 (D. Kan. Aug. 16, 2006)(J. Bostwick); G.A.S. v. Pratt Regional Medical Center, Case No. 05-1267-JTM, Doc. 56 (D. Kan., June 8, 2006)(J. Humphreys); Bayne v. Provost, 359 F. Supp. 2d 234 (N.D.N.Y. 2005).[7]

HIPAA imposes new procedures on health care providers concerning the disclosure of medical information. See, e. g., 42 U.S.C. § 1320d-2 (d)(2) (The Secretary of Health and Human Services (HHS) shall adopt security standards and safeguards to insure confidentiality and protect against unauthorized disclosures). Consistent with this statutory mandate, HHS promulgated rules and regulations governing the release and transmittal of "individually identifiable health information" by health care providers. See 45 C.F.R. 160.101 et seq.[8]

With respect to judicial proceedings, 45 C.F.R. § 164.512(e) provides for the disclosure of medical information under the following circumstances:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial proceeding:

---

[7] Research reveals no controlling 10th Circuit precedent on the issue of ex parte interviews under HIPAA.

[8] HIPAA covers a broad range of medical disclosure issues too numerous to cite in this opinion. Accordingly, the court confines its comments to the disclosure of medical information in the context of a judicial proceeding.

> (i) **In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order**; or
>
> (ii) **In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:**
>
>> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1)(i) & (ii) (emphasis added).[9] Accordingly, a health care provider may disclose medical information without violating HIPAA if served with (1) a court order authorizing the disclosure of such information or, alternatively, (2) a formal discovery request accompanied by certain required assurances and notices.

In this case defendant has elected to follow (e)(1)(i) and requests a court order authorizing the disclosure of medical information. However, plaintiff objects to the "ex parte" nature of interviews based on the enactment of HIPAA. The problem with plaintiff's objection is that a citation to HIPAA, standing alone, does not provide the court with sufficient grounds for denying defendant's request for an order to disclose medical

---

[9] A "covered entity" is defined as: (1) a health plan, (2) a health care clearinghouse, and (3) a health care provider. 45 C.F.R. § 160.103.

information. HIPAA rules and regulations contemplate the disclosure and use of medical information in a judicial proceeding and defendant is properly utilizing § 164.512(e)(1)(i) to secure that information. Moreover, implicit in plaintiff's objection is the suggestion that informal interviews out of the presence of opposing counsel are inherently wrong. This argument presumes that counsel will engage in inappropriate and/or unethical conduct when interviewing fact witnesses, a presumption this court rejects. Accordingly, plaintiff's objection is overruled. Because defendant has satisfied the procedural requirements found in § 164.512(e)(1)(i), the motion for an order concerning the disclosure of plaintiff's medical records and ex parte interviews with treating physicians shall be GRANTED.[10]

**IT IS THEREFORE ORDERED** that defendant's motion (**Doc. 13**) is **GRANTED IN PART** and **DENIED IN PART** consistent with the rulings herein. Defense counsel may contact plaintiff's treating physicians and informally interview them concerning her medical history, diagnosis, and prognosis. Before conducting any interviews, defendant shall advise the health care providers that they may decline to be informally interviewed.

**IT IS FURTHER ORDERED** that defendant shall submit a revised order by **January 26, 2007**, consistent with this opinion, authorizing health care providers to

---

[10] This opinion should not be construed as a determination that a defendant is entitled *in all cases* to an order allowing ex parte interviews of treating physicians under 45 C.F.R. § 164.512(e)((1)(i). Instead, plaintiff's objection in this case is simply not persuasive. If this were a case involving an adult with sensitive medical history which was irrelevant to the lawsuit, the ruling under § 164.512(e)(1)(i) might necessarily be more restrictive.

disclosure plaintiff's medical records and permitting ex parte interviews with treating physicians.[11]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of January 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[11] Defendant's proposed order contains language concerning the disclosure of employment records which the court rejects, absent an agreement by opposing counsel.